## HARRY MORRIS V. THE STATE.

No. 18066. Delivered March 18, 1936.
Appeal Reinstated April 22, 1936.
Rehearing Denied June 10, 1936.

534

The opinion states the case.

*Eugene H. Murphy,* of Longview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for failing to stop and render aid; punishment, a fine of one hundred dollars.

What purports to be a recognizance of the appellant was entered into after the adjournment of the trial term of the court below. It is statutory in this State that if a recognizance be not entered into during the trial term, an appeal bond must be made. See Art. 818, C. C. P. In the absence of such appeal bond this court is without jurisdiction.

The appeal is dismissed, and the appellant is given fifteen days from the date of this judgment in which to file a new appeal bond.

### ON MOTION FOR REINSTATEMENT OF APPEAL.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of failing to stop and render aid, as provided by Art. 1150, P. C., 1925, and his punishment was assessed at a fine of one hundred dollars. At a former day we dismissed the appeal in this case by reason of a defective recognizance. Since then a proper appeal bond has been filed and the record has been perfected. Therefore the appeal is reinstated and we will dispose of this case on its merits.

Appellant's first contention is that the trial court erred in declining to sustain his motion to quash the indictment in this, that the indictment failed to charge that Uhlenhoff requested appellant to give him the name and address of the owner of said motor vehicle, or the license number. The primary object of the statute is to require the person, who drives a motor vehicle upon the public highways and strikes another vehicle or pedestrian, to stop. The failure to render all necessary assistance, including the carrying of such occupants or person to a physician or surgeon for medical treatment, if treatment is required, or requested by the person struck; or

failing or refusing to give the occupant or person struck, if requested, at the time of such striking or collision or immediately thereafter, the number of such motor vehicle, also the name of the owner thereof and his address, etc., are denounced as offenses occurring subsequent to stopping. To hold otherwise might, in many instances, offer the offending party an opportunity to escape punishment by striking the pedestrian or occupants of a motor vehicle with such force as to render them unconscious, then increase his speed so as to be out of sight and hearing before any request could be made. We think the indictment in this case is sufficient to charge appellant with failing to stop and ascertain if any one was injured who required medical or surgical treatment.

Appellant's next contention is that the testimony is insufficient to warrant and sustain his conviction. We cannot agree with him. The record shows that appellant while driving a motor truck loaded with gasoline and motor oil upon a public highway, leading from Longview to Kilgore, collided with an automobile driven upon and along said road by William Uhlenhoff and wrecked it. Appellant did not stop to ascertain if Mr. Uhlenhoff or any occupant of his car was injured, but continued driving until he reached his home which was several hundred yards from the place of the collision. Mr. Shepler, whom appellant had passed a few seconds before the collision occurred, saw what had happened. He drove up and invited Mr. Uhlenhoff to get into his car, and said that they would go in pursuit of the truck if they had to run it to Kilgore to overtake it. After driving several hundred yards, they saw the truck and appellant near his filling station. They drove up to the filling station, took the license number of the truck, and made some inquiry about having the automobile repaired. Appellant sent for a wrecker, had the car taken to a repair shop, and agreed to pay the necessary expenses incident thereto; but after he was informed that the material necessary to repair the car would cost over forty dollars not including the labor, he refused to pay any part thereof. We think the testimony sustains the conviction.

It is therefore ordered that the judgment of the trial court be and the same is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists in his motion for rehearing that we should have discussed the trial court's refusal of his special charge which reads as follows:

"You are instructed that defendant would not be required to stop his truck at the scene of the alleged injury, if any, and leave his truck attended or unattended, unless a clear and unobstructed width of not less than fifteen feet upon the main travelled portion of said highway opposite such standing vehicle should be left for free passage of other vehicles thereon. And if you have a reasonable doubt that such free passage way would have existed had defendant's truck been stopped at the scene of said alleged collision, then your verdict shall be for the acquittal of defendant."

His point evidently is that at or near the place of this collision the main travelled portion of the highway was so narrow that he could not stop his truck to render aid to the parties with whom his car had collided, without violation of Sec. 10 of Art. 827a, P. C., which penalizes any man who parks or leaves standing his car on the highway unless a clear and unobstructed width of not less than fifteen feet upon the main travelled portion of such highway opposite such car,—shall be left for a free passage of other vehicles thereon.

His contention seems to be that being chargeable with knowledge of this law, if he could prove that the clearance between the side of his parked or stopped truck and the opposite side of the highway was or would have been fifteen feet or less, he should be acquitted in this case.

Appellant cites no decision of any court as authority. Our conclusion is that the trial court correctly refused said special charge. It would hardly seem necessary for this court to say that no officer or court would institute or entertain a proceeding against one for a supposed violation of Sec. 10 of Art. 827a, supra, based on the fact of his stopping to render aid to one with whom he had had a collision on a highway. Appellant himself did not predicate his failure to stop upon any such ground while a witness. He asserted that he did not run into the other party, but that the other party ran into him, and supported this by other witnesses. Appellant also testified: "I did not know the two cars hit at the time of the collision, and I did not stop to find out. I did not stop to find out what had happened. I did not look back." Again appellant testified: "I did not stop because I had a load of gasoline, and it is dangerous to stop on the highway. The State laws of Texas are

you must keep your truck in motion when they are loaded with gasoline."

Further we observe that in preparation for this defense appellant had a witness to measure the highway at the place, who testified that the pavement at and beyond the point of the alleged collision was seventeen, eighteen and twenty feet wide, aside from the shoulders on each side of the pavement. The width of appellant's truck was six feet, six inches. Such facts as above detailed would in no event call for the giving of the above quoted charge. There was no error in refusing appellant's request for a peremptory instruction of not guilty.

Not being able to agree with appellant, his motion for rehearing is overruled.

*Overruled.*